MAYER BROWN LLP
Sarah E. Balkissoon (SBN 327066)
*SBalkissoon@mayerbrown.com*
575 Market Street, Suite 2500
San Francisco, CA 94105
TELEPHONE: (650) 331-2000
FACSIMILE: (650) 331-2060

Matthew V. Wargin (*pro hac vice*)
*mwargin@mayerbrown.com*
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile:   (312) 701-7711

WHITE AND WILLIAMS LLP
James C. Vandermark (*pro hac vice forthcoming*)
*vandermarkj@whiteandwilliams.com*
810 Seventh Avenue, Suite 500
New York, NY 10019
Telephone: (212) 244-9500

Attorneys for Google LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>CNEX LABS, INC.,<br><br>                Debtor. | Case No.: 24-51889 SLJ<br><br>Chapter 7<br><br>**GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS** |

---

1

GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S
INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

## GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS

Google LLC ("**Google**"), by and through its counsel, responds (the "**Response**") to the *Motion by Trustee for Authority to Sell Estate's Interest in Assets to Google LLC* [ECF No. 24] (the "**Sale Motion**") filed by Doris Kaelin, Chapter 7 Trustee (the "**Trustee**"). In support of the Sale Motion, Google respectfully responds as follows:

## PRELIMINARY STATEMENT

Google and the Trustee have entered into an agreement (the "**Purchase Agreement**")[1] for the sale of substantially all of the assets (the "**Assets**") of CNEX Labs, Inc. (the "**Debtor**") to Google, on an "as is, where is" basis, subject to all asserted liens, claims and interests, including the lien asserted by Point Financial, Inc. ("**Point Financial**"), minus certain actions and other causes of action, for the sum of $150,000.00 (the "**Proposed Sale**"). The Proposed Sale would bring clear, quantifiable value into the Debtor's estate for the benefit of the Debtor's creditors without prejudicing any of Debtor's secured creditors. The Trustee believes, and Google agrees, "that the proposed sale is in the best interest of the estate since the offer from Google will provide $150,000 to the estate that is not subject to liens and will allow for a meaningful distribution to unsecured creditors." *See* Sale Motion, at 3.

Point Financial opposes the Sale Motion and contends that it is entitled to relief from the automatic stay. However, Point Financial provided no evidence to support a waiver of the stay under Rule 4001. Moreover, even if Point Financial were entitled to relief from stay, which Google asserts it is not, the Proposed Sale, subject to Court approval, will close in a very short period of time, and Point Financial has provided zero evidence that the Proposed Sale would lead to any prejudice. Put simply, Point Financial's purported security interest will remain unaffected by the Proposed Sale. Accordingly, Google supports the Trustee's request to

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Purchase Agreement.

2
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889    Doc# 32    Filed: 04/18/25    Entered: 04/18/25 21:50:34    Page 2 of 10

approve the Proposed Sale and to deny or delay relief from the automatic stay until after the closing of the Proposed Sale.

## FACTUAL BACKGROUND

On December 11, 2024, Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court, and thereafter, the Court appointed the Trustee. On March 10, 2025, Point Financial filed its Motion for Relief from Stay contending that Debtor's Assets should be valued at $0.00 based on Debtor's schedules. On April 8, 2025, the Trustee filed the *Opposition to Motion for Relief from Automatic Stay by Point Financial Inc.* [ECF No. 28] (the "**Trustee's Opposition**"). Subsequently, on April 15, 2025, Point Financial filed its response [ECF No. 29] (the "**Stay Relief Response**") reiterating its request for relief from stay.

On March 28, 2025, the Trustee filed the Sale Motion seeking approval of the Proposed Sale to Google of substantially all of Debtor's Assets, on an "as is, where is" basis, subject to any valid liens thereon, for the sum of $150,000.00. On April 18, 2025, Point Financial filed an objection to the Proposed Sale [ECF No. 31] ("**PFI's Objection**") which largely reiterates the assertions in the Stay Relief Response.

Through the Stay Relief Response and PFI's Objection, Point Financial's opposition to the sale is nothing but a disruption to an orderly liquidation process and is based almost entirely on unsubstantiated and contradicted claims, such as:

1. Point Financial purportedly holding a $34 million secured claim against all of Debtor's personal property. Not so. The Trustee has found Point Financial's claim is based on a $10 million loan made to the Debtor in November 2021, which is believed to now total only $7,146,872, excluding a potentially usurious $20 million penalty imposed by Point Financial. *See* Sale Motion, at 2; Trustee Opp., at 2:3-9.

2. Google supposedly "engineering" the Debtor's bankruptcy filing by purportedly withholding unspecified funds owed to the Debtor. *See Declaration of Michael O'Malley in Support of Point Financial's Motion for Relief from the Automatic Stay* [ECF No. 29-1] (the "**O'Malley Decl.**"), at ¶¶ 7, 10. Point Financial presents no evidence in support of this

allegation and disregards Point Financial's admission that it took enforcement steps against the Debtor included imposing a penalty of $20 million (more than twice the original debt owed by the Debtor), which the Trustee has identified as potentially usurious. *See* Sale Motion, at 2, Trustee's Opp., at 2:3-9. In contrast to Point Financial's conjectures, the facts show that Point Financial's imposition of burdensome financial obligations and aggressive attempts to collect on such claims was the single most damaging event leading to the Debtor's bankruptcy. *Id*.

3. CNEX purportedly having no equity in the Assets. This allegation lacks sufficient evidence, which makes sense given that it contradicts Point Financial's own position on the value of the Assets—which it has conveniently excluded from its motion and the Stay Relief Response. The fact is that Point Financial is attempting to sell its purported secured interest in the Debtor's Assets for $50 million. On October 15, 2024, Michael O'Malley, President of Point Financial, sent a letter (the "**Oct. 15, 2024 Letter**") to the undersigned counsel seeking to sell Debtor's Assets to Google (or Google's competitors) for a cash payment of $50 million. A true and correct copy of the Oct. 15, 2024 Letter is attached hereto as **Exhibit A**.

4. The Proposed Sale is purportedly a "giveaway" to Google. This argument is nonsensical in light of Point Financial's position that there is no equity in the Assets. *See* Stay Relief Response, 3:6-7. If there is no equity, then Google is paying at least $150,000 more than value received. If there is equity, then Point Financial has no basis for relief from the automatic stay.

5. Point Financial asserts that Google intentionally withheld payment of receivable owed to CNEX and that the Proposed Sale will prevent Point Financial from collecting on the receivables. First, Google withheld payment of receivables to CNEX at the demand of Point Financial. *See* O'Malley Decl. at ¶ 8 ("PFI began taking enforcement steps…[including] a UCC notice to Google indicating its legal requirement to pay over the receivable to the Debtor's lender, PFI."). Second, the Proposed Sale is subject to all liens and would not affect any secured interest in the receivables, including any held by Point Financial.

4
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889    Doc# 32    Filed: 04/18/25    Entered: 04/18/25 21:50:34    Page 4 of 10

6. The Trustee did not purportedly complete enough due diligence to determine whether the Proposed Sale provides the "optimal value" under the circumstances. However, these are the same Assets that Point Financial is seeking relief from stay to pursue and for which Point Financial asserts there is no equity or benefit to the bankruptcy estate. When convenient for Point Financial, it asserts the Assets have no value; however, Point Financial then turns around and suggests the Assets may have significant value that is not being optimized by the Proposed Sale. It is impossible to reconcile Point Financial's contradictory positions, and it should not be allowed to have its cake and eat it too.

**RESPONSE**

Google respectfully requests that this Court approve the Proposed Sale and deny Point Financial's request for relief from the automatic stay. The Proposed Sale will provide the Debtor and its bankruptcy estate much needed liquidity to effectuate an orderly liquidation for the benefit of creditors and Point Financial has presented insufficient evidence to establish that a limited continuation of the automatic stay through the closing of the Proposed Sale will adversely affect its interests.

**I.     A SALE IS IN THE BEST INTEREST OF THE ESTATE**

Section 363(b)(1) of the Bankruptcy Code permits a trustee to sell property of the estate other than in the ordinary course of business after notice and a hearing. To authorize a sale under this section, Courts must determine that the (i) sale is in the best interest of the estate, and (ii) price is fair and reasonable. *See, e.g., In re Huntinging Ltd.*, 654 F.2d 578, 589 (9th Cir. 1974); *Loan Associ Equity Funding Corp. of Am. v. Fin. Assocs.*, 492 F.2d 793, 794 (9th Cir. 1974); *In re Canyon P'ship*, 55 B.R. 520, 526 (Bankr. S.D. Cal. 1985). The trustee is given substantial discretion in this regard. *Id*. Further, the Court has broad discretion over matters in section 363(b). *See Big Shanty Land Corp. v. Comer Props., Inc.*, 61 B.R. 272, 278 (N.D. Ga. 1985).

In this case, the Trustee has investigated the potential market for the sale of the assets of the Debtor and determined the Proposed Sale is in the best interests of the estate and creditors. The Proposed Sale will create a fund from which the Trustee will be able to pay general unsecured

creditors and administrative expenses. Setting aside Point Finanacial's largely unsupported claims, which are addressed more fully below, the interests of secured creditors are unimpaired and preserved by the fact Google is purchasing the assets subject to any pre-petition liens. Moreover, no other party in interest has demonstrated a willingness to pay a sum comparable to what is being offered by Google. While Point Financial attempts to minimize the value of the Proposed Sale, it has not presented any proposal that would generate a greater return for the estate. Rather, Point Financial is focused solely on obtaining the Debtor's assets for itself to the detriment of the estate and all other creditors. The Court should not allow such gamesmanship.

Based on the Trustee's reasonable and supported business judgment, the proposed purchase price for the Assets is fair and reasonable. Thus, the Proposed Sale, which obtains the highest and best available price for the Assets, should be approved for the benefit of the estate and all creditors.

## II. POINT FINANCIAL'S CLAIMS AND REQUESTS FOR RELIEF FROM THE STAY LACK EVIDENTIARY SUPPORT AND SHOULD BE DENIED

Point Financial largely opposes the Proposed Sale and seeks relief from the automatic stay for three reasons: the (i) Assets have no equity, (ii) the Assets are not necessary for the estate, and (iii) the Assets are diminishing in value. But these reasons are nothing more than self-serving bald assertions. Point Financial failed to present any real evidence establishing that there is no equity in the Assets at issue, that the Assets are not necessary for an effective reorganization, or that the Assets are diminishing in value, such that Point Financial's interests are not adequately protected.

### A. Point Financial Failed to Show That the Assets Lack Equity.

Point Financial failed to meet its burden to show the Assets lack equity. Section 362(g) of the Bankruptcy Code provides that a party moving for relief from stay under section 362(d)(2) has the burden of proving the debtor lacks equity in the subject property. Courts cannot make a finding as to an alleged absence of equity where the movant fails to present an appraisal of the property or some other admissible evidence as to value. *See*, *e.g.*, *In re Killmer*, 513 B.R. 41, 52 (Bankr. S.D.N.Y. 2014) (denying relief from stay where movant "did not present an appraisal of the Property

6
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889    Doc# 32    Filed: 04/18/25    Entered: 04/18/25 21:50:34    Page 6 of 10

at trial…[because] the Court cannot make a finding as to whether there was equity in the Property."); *see also* FRCP 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Point Financial's claim that the Assets have no equity fail for three reasons.

*First*, Point Financial argues there is no equity in the Assets because the purchase price for the Proposed Sale is less than Point Financial's purported claims. But this disregards the fact that the Proposed Sale is subject to any existing liens. Point Financial fails to present any other evidence as to the value of the Assets. And further undercutting Point Financial's position is the clear fact that Google is willing to pay $150,000 in addition to taking the Assets subject to liens. *See* Trustee Opp. at 2

*Second*, Point Financial's current assertion on the absence of value of the Assets is contradicted by its attempt to sell the Assets outside of bankruptcy. This is shown by the fact Point Financial is seeking to sell its interests in the Assets for $50 million. *See* Ex. A, Oct. 15, 2024 Letter. Surprisingly, Point Financial does not inform the Court of its intention, prior valuations, or efforts to sell its interest in the Debtor's Assets for far more than its claim against the Debtor.

*Third*, Point Financial's allegations assume that their secured claim is valid. But as explained above and in the Trustee's Opposition, there are clearly questions raised by the Trustee as to the validity of Point Financial's claims.

Point Financial has not presented sufficient evidence of the value of the Assets, and consequently, did not meet its burden for relief from the stay. Thus, Point Financial's request for relief from stay should be denied so that the Trustee and Google may close on the Proposed Sale.

7
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889    Doc# 32    Filed: 04/18/25    Entered: 04/18/25 21:50:34    Page 7 of 10

## B. Point Financial Failed to Show that the Debtor's Assets Are Not Necessary to Effective Liquidation.

To the detriment of all other creditors, Point Financial's argument that the Assets are not necessary to an effective reorganization minimizes the value of the Proposed Sale, $150,000, that the Trustee is obtaining for the estate. However, "[p]roperty is necessary if it furthers the interests of the estate through rehabilitation or liquidation." *In re Pac. Thomas Corp.*, Case No. 5:14-bk-54232 (Bankr. N.D. Cal. Aug. 4, 2016) (ECF No. 904) (internal quotations omitted). "Either liquidation or rehabilitation plans may constitute an 'effective reorganization.'" *Id.* (citing *United Sav. Assn. of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 371 n. 14 (5th Cir.1987), *aff'd*, 484 U.S. 365 (1988) ("[T]here may be circumstances under which the debtor is able to satisfy the "effective reorganization" test of § 362(d)(2) by showing that the property at issue is necessary to an effective liquidation of the debtor"); *In re Diplomat Elecs. Corp.*, 82 B.R. 688, 693 (Bankr.S.D.N.Y.1988) ("[A] liquidating plan of reorganization which is more advantageous to creditors because it is an orderly liquidation may nonetheless constitute an 'effective reorganization'"); *In re Conroe Forge & Mfg. Corp.*, 82 B.R. 781, 784-85 (Bankr. W.D. Pa. 1988) (explaining that "the concept of reorganization includes liquidation)).

Here, the Assets are necessary for an orderly liquidation. Without the Assets, the Proposed Sale will not proceed, the estate will not receive $150,000, and all creditors and parties in interest will be harmed as a result. Indeed, even Point Financial recognizes it would share in the benefit of the Proposed Sale by virtue of any unsecured claims it may hold. After the Proposed Sale is completed, Point Financial could then pursue its secured interests outside of these bankruptcy proceedings because the automatic stay would not apply to Google (as the new owner of the Assets). Yet, the only apparent reason Point Financial opposes the Proposed Sale and demands immediate relief from the automatic stay, is its belief that the Assets hold significantly more value.

It is not entirely clear what Point Financial's actual position on the actual value of the Assets is—it asserts $50 million valuation outside of bankruptcy and $0.00 in bankruptcy. But the Proposed Sale's benefits to the creditors, on the other hand, is clear. The estate will receive

8
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889    Doc# 32    Filed: 04/18/25    Entered: 04/18/25 21:50:34    Page 8 of 10

$150,000 free and clear of any liens only if the Proposed Sale is completed. For this reason, the Assets remain necessary for a short period of time to allow for an orderly liquidation. Point Financial may believe there is more upside to itself by getting relief from stay immediately. But that attenuated belief alone does not justify harming all other parties in interest.

### C. Point Financial Failed to Show that the Assets are Diminishing in Value.

Point Financial has also not established that its interests would not be adequately protected for the short period of time needed for the Trustee and Google to complete the Proposed Sale. *See In re Associated Invs. Joint Venture*, 91 B.R. 555, 559 (Bankr. C.D. Cal. 1988) (granting secured creditor's motion for relief from stay but delaying lifting the stay for a reasonable time for the debtor to find a buyer and submit a liquidation plan). Its arguments otherwise are unavailing.

Point Financial asserts that there is "cause" for relief from stay under section 362(d)(1) because "the collateral is of no value to the estate in light of PFI's blanket lien[.]" Stay Relief Response at 4:25-26. This is mostly just a reiteration of Point Financial's position that the Assets are not necessary for the benefit of the estate, which is baseless for the reasons explained in Section B.2.

Next, Point Financial claims that "the Property faces an ongoing risk of loss the longer that PFI is delayed in exercising its rights in the Property." Stay Relief Response at 4:26-27. But it provides no real support for this claim. The only evidence presented is the Declaration of Michael O'Malley, which broadly states the Assets "are commercially perishable and lose value daily due to not being exclusively managed by PFI to get the highest and best value to offset the outstanding debt owed." O'Malley Decl., ¶ 6. The basis for Mr. O'Malley's knowledge of the Assets and their purported diminishing value is not made clear in the declaration. Moreover, Point Financial's point that any receivables that Google owes to the Debtor are diminishing or will be uncollectible by Point Financial after the Proposed Sale is complete is also unsupported. While Google asserts certain claims—which are related to and may be offset against the receivables—against the Debtor for amounts it paid prior to the bankruptcy, the Proposed Sale does not affect Point Financial's interest in the receivables. Mr. O'Malley's representations and any basis thereof should be addressed through discovery and/or cross-examination of Point Financial.

9
GOOGLE LLC'S RESPONSE IN SUPPORT OF MOTION BY TRUSTEE FOR AUTHORITY TO SELL ESTATE'S INTERESTS IN ASSETS; CASE NO. 24-51889 SLJ

Case: 24-51889   Doc# 32   Filed: 04/18/25   Entered: 04/18/25 21:50:34   Page 9 of 10

As a practical matter, if the Court approves the Proposed Sale, the Trustee and Google would complete their transaction quickly and the Assets would be out of the estate in a matter of days or weeks, not months. The Sale Agreement requires closing within seven (7) days of a final Order approving the Proposed Sale. There is no evidence to show that the value of the Assets will be diminished in the short amount of time it takes to consummate the sale. Thus, even if Point Financial's request for relief could be granted, adequate time should be provided to allow for the closing of the Proposed Sale for the benefit of Debtor's bankruptcy estate and its creditors.

Ultimately, Point Financial's Motion for Relief from Stay, Stay Relief Response, and PFI's Objection lack adequate legal and factual support. Point Financial failed to provide sufficient evidence for its arguments and, accordingly, Point Financial has failed to establish "cause" for relief from the automatic stay.

In contrast, there is clear showing of value from the Proposed Sale obtained by the Trustee for the bankruptcy estate. The Trustee and Google negotiated a fair and reasonable purchase price for the Assets and the sale proceeds will create funds available for the benefit of the Debtor's Creditors and other parties in interest.

## CONCLUSION

For the above reasons, Google respectfully requests the Court approve the Proposed Sale and deny Point Financial's request for relief from the automatic stay.

Dated: April 18, 2025

MAYER BROWN LLP
SARAH E. BALKISSOON
MATTHEW V. WARGIN (*pro hac vic*)

WHITE AND WILLIAMS
JAMES C. VANDERMARK (*pro hac vic forthcoming*)

By: */s/ Sarah E. Balkissoon*
Sarah E. Balkissoon

*Attorneys for Google LLC*